IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NICOLE GELORMINI, §<br>    Plaintiff, §<br>§<br>vs. §<br>§<br>MICROWAVE INDUSTRIAL SERVICES, §<br>LLC, d/b/a CUSTOM AUDIO VIDEO, §<br>    Defendant. § | CIVIL ACTION NO: 4:18-cv-1315<br>JURY DEMANDED |

# COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Nicole Gelormini files this *Complaint*, complaining of Microwave Industrial Services, LLC, d/b/a Custom Audio Video, Defendant, and would respectfully show the following:

## I. PARTIES

1.1.  Plaintiff, *Nicole Gelormini* ("Plaintiff" or "Gelormini") is an individual residing in Harris County, Texas.

1.2.  Defendant, *Microwave Industrial Services, LLC, d/b/a Custom Audio Video* ("CAV"), is a Texas limited liability company, with its principal place of business in Harris County, Texas. CAV may be served with summons by serving its registered agent, Stephenson Fournier, PLLC, at 3355 West Alabama, Suite 640, Houston, Texas 77098.

## II. VENUE

2.1.  Venue of this action is proper in this district and division because CAV's principal places of business has been in this district during the time period of April 19, 2015, to the present ("Relevant Time Period").

### III. JURISDICTION

3.1.     This Court has jurisdiction over this case pursuant to the district court's federal question jurisdiction as set forth in 28 U.S.C. § 1331. Specifically, this case is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et. seq.*, as amended.

### IV. STATEMENT OF CAUSES OF ACTION

4.1.     CAV was an employer of Gelormini within the meaning of 29 U.S.C. § 203(d) during the Relevant Time Period.

4.2.     Gelormini was an employee of CAV within the meaning of 29 U.S.C. § 203(e) during the Relevant Time Period.

4.3.     During the Relevant Time Period, CAV was an enterprise engaged in commerce or the productions of goods for commerce as those terms are used in 29 U.S.C. § 203(s).

4.4.     During the Relevant Time Period, CAV had an annual dollar volume of sales or business done of at least $500,000.

4.5.     During the Relevant Time Period, Gelormini was engaged in commerce or in the production of goods for commerce.

4.6.     CAV provides audio and video services and products to residential customers. CAV designs, customizes, and installs automated systems for its customers and clients.

4.7.     In approximately October 2017, CAV hired Gelormini as an office assistant.

4.8.     CAV classified Gelormini as an independent contractor during the Relevant Time Period.

4.9.     On or about April 18, 2018, CAV's manager and director—Abraham B. Levitz—swore under oath that Gelormini was a "key employee" of CAV. CAV has admitted Gelormini to be its employee.

4.10.   CAV paid Gelormini an hourly rate of twenty-five dollars ($25.00) per hour for all hours worked. CAV did not pay Gelormini on a salary basis.

4.11.   During the Relevant Time Period, Gelormini regularly worked more than forty hours per week for CAV.

4.12.   CAV did not pay Gelormini one and one-half times her regular hourly rate for every hour she worked in excess of forty in a workweek during the Relevant Time Period.

4.13.   During the Relevant Time Period, Gelormini's primary job duties did not include the performance of office or non-manual work directly related to the management or general business operations of CAV. Gelormini's primary job duties did not include the exercise of discretion and independent judgment on matters of significance.

4.14.   Additionally, Gelormini performed additional hours of work, of which CAV was aware and accepted the benefit, without compensation.

4.15.   CAV owes Gelormini unpaid wages for unpaid minimum wage and overtime under the FLSA for work performed during the Relevant Time Period.

## V. VIOLATION OF THE FLSA

5.1.   Gelormini incorporates the factual allegations recited above and would show that CAV is liable to her for minimum wage and/or overtime compensation under the FLSA.

5.2.   CAV had a statutory obligation to pay Gelormini at a rate of one and one-half times her regular rate of pay for all hours she worked in excess of forty in a given workweek. Gelormini worked for CAV in excess of forty hours a week during the Relevant Time Period. CAV did not pay Gelormini for overtime at the rate of one and one-half times her regular rate of

pay for overtime hours during the entirety of the Relevant Time Period. CAV also had a statutory duty to pay Gelormini a minimum wage for all hours worked. CAV did not pay Gelormini the statutory minimum wage for all hours worked during the Relevant Time Period.

5.3. At all relevant times, Gelormini was not compensated on a salary basis to the extent necessary to be classified as a non-exempt employee under the FLSA.

5.4. Gelormini seeks, and is entitled to, a recovery of liquidated damages on her claims under the FLSA. Liquidated damages are awarded automatically under the FLSA.

5.5. There is no reasonable basis for CAV to believe Gelormini was exempt under the FLSA, that CAV's payment of an hourly rate to Gelormini satisfied the salary basis test, or that CAV's practices were permitted by the FLSA. CAV did not act in good faith in failing to pay Gelormini in accordance with the requirements of the FLSA.

5.6. CAV's violations of the FLSA were willful. CAV knew or showed reckless disregard for whether its conduct was illegal.

## VI. ATTORNEYS' FEES

6.1. CAV's refusal to abide by its statutory obligations to Gelormini has made it necessary for Gelormini to employ the undersigned attorneys to file this lawsuit. As such, Gelormini requests the Court to award a reasonable fee, pursuant to the FLSA, for her attorneys' services rendered and to be rendered herein, at the trial court and the court of appeals, and the Supreme Court, if necessary, as well as expenses and court costs.

## VII. JURY DEMAND

7.1. Gelormini demands a jury on all issues to be tried in this matter.

## PRAYER

WHEREFORE, Plaintiff Nicole Gelormini prays that Defendant Microwave Industrial Services, LLC, d/b/a Custom Audio Video be summoned to appear, and that on final trial of this matter, Gelormini be granted relief as follows:

(a) Judgment declaring that the acts and practices of CAV described herein violate the FLSA, as amended;

(b) Judgment declaring that the acts and practices of CAV described herein constitute a willful violation of the FLSA, as amended;

(c) Judgment directing CAV to pay Gelormini actual and liquidated damages for violations of the FLSA, as amended;

(d) Costs of suit and reasonable attorneys' fees;

(e) Prejudgment and post-judgment interest as provided by law; and

(f) Such other and further relief, in law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

FIDDLER & ASSOCIATES, P.C.

/s/ **ANDREW W. REED**
_____
ANDREW W. REED
*Attorney-in-Charge*
SBOT #24074935
FID #1140192
areed@fiddlerlaw.com
G. SCOTT FIDDLER
*Of Counsel*
SBOT #06957750
FID #12508
scott@fiddlerlaw.com
1004 Congress, 3rd Floor
Houston, Texas 77002
Tel:   713-228-0070
Fax:   713-228-0078

ATTORNEYS FOR PLAINTIFF
NICOLE GELORMINI